DAVID E. SNYDER, Cal. Bar No. 262001
JOHN DAVID LOY, Cal. Bar No. 229235
MONICA N. PRICE, Cal. Bar No. 335464
FIRST AMENDMENT COALITION
534 4th Street, Suite B
San Rafael, CA 94901-3334
Telephone: 415.460.5060
Email dsnyder@firstamendmentcoalition.org
dloy@firstamendmentcoalition.org
mprice@firstamendmentcoalition.org

Attorneys for *Amici Curiae* FIRST AMENDMENT COALITION, CALIFORNIA NEWS PUBLISHERS ASSOCIATION, CALIFORNIANS AWARE, NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, NORTHERN CALIFORNIA CHAPTER OF THE SOCIETY OF PROFESSIONAL JOURNALISTS AND REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DESIREE MARTINEZ, FRESNO HOMELESS UNION, FAITH IN THE VALLEY, and ROBERT MCCLOSKEY,

Plaintiffs,

v.

THE CITY OF FRESNO,

Defendant.

Case No. 1:22-cv-00307-DAD-SAB

**REPLY BRIEF OF AMICI CURIAE FIRST AMENDMENT COALITION, CALIFORNIA NEWS PUBLISHERS ASSOCIATION, CALIFORNIANS AWARE, NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, NORTHERN CALIFORNIA CHAPTER OF THE SOCIETY OF PROFESSIONAL JOURNALISTS AND REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS IN SUPPORT OF AMICI'S APPLICATION FOR LEAVE TO FILE AMICUS BRIEF**

Crtrm.: 5
Judge: The Hon. Dale A. Drozd

Nothing asserted by the City deprives the Court of its settled discretion to accept the proposed amicus brief as helpful to the Court's decision. Amicus briefs can "illuminate the contours of the parties' respective positions or explicate the real-world … implications of the legal issues." *Animal Legal Def. Fund v. Kelly*, 9 F.4th 1219, 1226 n.6 (10th Cir. 2021); *cf. Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1114 (9th Cir. 2017) (looking to "real-world implications of material inaccuracies" in consumer reports in deciding jurisdictional issue of standing). The amicus brief serves the dual purpose of articulating relevant First Amendment law and providing real-world examples that illustrate the importance of the issues before the Court, especially the practical consequences of barring press and public access to unhoused encampment sweeps. (See Application at 1-2).

The City cites no authority for its desultory opposition to amici's application. The Court may deem the City's opposition waived for that reason alone. "Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

In any event, this Court can and should grant the application. Amicus briefs are frequently helpful in federal court. A National Law Journal review found that amicus briefs were filed in 96 percent of cases before the Supreme Court from 2010 to 2020. The Court cited such briefs in over half of its rulings. bit.ly/arnoldporterreview. The review also noted that the perspectives of academics, government and advocates were important, but "[m]ost of all, the justices were drawn to briefs that did not reiterate the parties' arguments but instead provided real-world information that contextualized the difficult questions before the court." *Id.*

In addition, courts evaluating both facial and as-applied First Amendment challenges routinely look to real-world examples, raised by amicus briefs or otherwise, to inform their decisions.

In *ACLU v. Alvarez*, 679 F.3d 583 (7th Cir. 2012), a facial challenge to an Illinois eavesdropping statute, the Court illustrated the connection between the First Amendment right of free speech and the act of recording police officers in public with several examples. The Court compared banning recording to "banning photography or note-taking at a public event," which

"would raise serious First Amendment concerns." *Id*. at 595-96.  The court also used the example of requiring a license for projectors, which would "undoubtedly" trigger First Amendment coverage because projectors are "integral to the forms of interaction that comprise the genre of the cinema." *Id*. at 596, citing Robert Post, *Encryption Source Code and the First Amendment*, 15 BERKELEY TECH. L.J. 713, 717 (2000).  Such policy implications are particularly crucial for First Amendment cases.  Free speech does not happen in a vacuum.

The Supreme Court also considered the real-world implications of its decision in *Citizens United v. FEC*, 558 U.S. 310 (2010), a facial challenge to a law restricting corporate election expenditures.  *Id*. at 333.  The court noted that, under the challenged statute, the following activities would be illegal: "The Sierra Club runs an ad. . . that exhorts the public to disapprove of a Congressman who favors logging in national forests; the National Rifle Association publishes a book urging the public to vote for the challenger because the incumbent U. S. Senator supports a handgun ban; and the American Civil Liberties Union creates a Web site telling the public to vote for a Presidential candidate in light of that candidate's defense of free speech." *Id*. at 337.  The Court also expressed great concern that "the Government could prohibit a corporation from expressing political views in media beyond those presented here, such as by printing books." *Id* at 349.  The actual impact of its decision was top of mind when the Supreme Court decided this case.  So too may this Court consider an amicus brief that illustrates the actual impact of the issues before the Court.  *Cf. Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1972) (in assessing overbreadth challenge, court looks to whether "statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression").

In *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), the Supreme Court noted that a statute prohibiting depictions that appear to be a minor engaging in sexual conduct "applies to a picture in a psychology manual, as well as a movie depicting the horrors of sexual abuse" and even depictions of Romeo and Juliet, "the most famous pair of teenage lovers." *Id*. at 247.  The statute could also bar Renaissance paintings and award-winning movies.  *Id*. at 242, 247-48.  These public policy examples persuasively demonstrated the facial overbreadth of the statute at

issue and enhanced the Court's opinion. Similarly, the examples provided in the amicus brief will help this Court decide the First Amendment issues presented.

Finally, in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018), an as-applied challenge, the Supreme Court incorporated "the examples offered by respondents' own amici [which] show, unions express views on a wide range of subjects—education, child welfare, healthcare, and minority rights, to name a few" and the unions' speech on these matters "is of great public importance." *Id*. at 2475. Likewise, the examples provided by amici help illustrate the importance of the issues at hand.

**CONCLUSION**

For the foregoing reasons, amici respectfully request that the Court grant the application for leave to file the proposed amicus brief.

Dated: May 3, 2022

FIRST AMENDMENT COALITION

By *\/s/ Monica N. Price*

DAVID E. SNYDER
JOHN DAVID LOY
MONICA N. PRICE
Attorneys for *Amici Curiae* FIRST AMENDMENT COALITION, CALIFORNIA NEWS PUBLISHERS ASSOCIATION, CALIFORNIANS AWARE, NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, NORTHERN CALIFORNIA CHAPTER OF THE SOCIETY OF PROFESSIONAL JOURNALISTS AND REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS